UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI-CIVIL DIVISION

CASE NO.: 08-60553-CV-Altonaga-Brown

NICHOLAS CHARLES,

        Plaintiff,

vs.

GREYSTAR MANAGEMENT SERVICES, L.P.,

        Defendant.
_____/

## PLAINTIFF'S NOTICE OF FILING OF COMPLIANCE WITH COURT ORDER [D.E. 7] REQUIRING SUBMISSION OF FLSA SETTLEMENT AGREEMENT

Comes Now the Plaintiff, NICHOLAS CHARLES, through undersigned counsel, hereby files for the Court's consideration the following:

1.      See Exhibit "A" attached hereto. (FLSA Settlement Agreement, Stipulation and order of Dismissal).

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on June 6, 2008 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

Loren & Mercer, P.A.
Attorneys for Plaintiff
320 South State Road 7
Suite # 300
Plantation, Florida 33317
(954)585-4878

/s/ *JAMES LOREN*

JAMES LOREN, Esquire
Fla Bar No.: 0055409
JLoren@Lorenlaw.com

**SERVICE LIST**

John L. Ross, Esquire
Thompson, Coe Et. Al.
700 North Pearl Street
Twenty-Fifth Floor
Dallas, TX 75201-2825
TEL:  (214)871-8200
FAX:  (214)871-8209
Counsel for Defendant, GREYSTAR MANAGEMENT SERVICES, L.P.
VIA US MAIL and E-mail at jross@thompsoncoe.com

## COMPROMISE SETTLEMENT AGREEMENT AND RELEASE

This *Agreement* is between Nicholas Charles ("Charles" or "Plaintiff") on the one hand, and Greystar Management Services, L.P. ("Greystar") on the other. Collectively, Charles, and Defendant is referred to as "the Parties."

**WHEREAS**, Plaintiff filed a lawsuit against Defendant in Civil Action No. 08-60553-CV, styled *Nicholas Charles v. Greystar Management Services, L.P.*, in the Southern District of Florida, Miami Civil Division ("the Litigation"), alleging a failure to pay overtime under the FAIR LABOR STANDARDS ACT, arising out of Plaintiff's employment with Greystar; and

**WHEREAS**, Greystar vehemently denies, and continue to deny, all of Plaintiff's allegations, and deny all liability; and

**WHEREAS**, the Parties desire to fully, finally, and forever amicably settle all disputes between them;

**NOW, THEREFORE**, for, and in consideration of the mutual promises, agreements, and other consideration expressed in this *Agreement*, the receipt and sufficiency of which is admitted, the Parties agree as follows:

1. Defendant agree to pay Plaintiff a total sum of twenty-seven thousand dollars ($27,000.00) (the "Settlement Amount") by check or draft jointly payable to Plaintiff and his attorney(s), and shall be reported on an IRS form 1099 under the Tax ID Number of Plaintiff's attorney(s), "Box 14—Gross Proceeds Paid to an Attorney."

2. The Settlement Amount shall be paid within ten business days after the Effective Date of this *Agreement*.

3. Charles' right to payment of the Settlement Amount is expressly conditioned on:

   a. Charles' execution of this *Agreement*; and

b. Charles' filing with the Court, the agreed motion to dismiss and proposed order of dismissal, as explained below; and

c. the expiration of all applicable withdrawal periods under the OLDER WORKER BENEFIT PROTECTION ACT, 29 U.S.C. §626(f)(1)(G).

4. The Effective Date of *Agreement* shall be the last date upon which each of the foregoing conditions has been fulfilled.

5. Charles (on behalf of himself and his respective heirs, assigns, attorneys, representatives, and other agents) hereby unconditionally, fully and completely release, acquit, forever discharge and hold harmless Greystar, and all of its parent, successor, subsidiary, and affiliated entities and their current and former principals, partners, shareholders, dealers, agents, employees, insurers, reinsurers, successors, assigns, attorneys, and other representatives (collectively referred to as "the Released Parties") of and from any and all claims, demands, actions, causes of action, suits, debts, contracts, agreements, promises, liabilities, compensation, bonuses, losses, costs, expenses and damages of any kind or character whatsoever (collectively "Claims"), accrued or unaccrued, known or unknown, foreseen or unforeseen, in law or in equity, whether or not asserted in the Litigation, whether based on contract, tort, or statute (including, without limitation, TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, the AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, the EQUAL PAY ACT, the FAIR LABOR STANDARDS ACT ("FLSA"),[1] 42 U.S.C. §§1981, *et seq.*, the FLORIDA WORKER'S COM-

---

[1] Regarding the FLSA, Plaintiff expressly acknowledges, represents and warrants that during the past three years he (1) was at all times paid at a rate greater than the then-applicable federal minimum wage; or (2) has not worked more than forty (40) hours during any work week, or, alternatively (3) to the extent, if at all, Plaintiff has worked more than forty (40) hours in any work week, he has—either directly or by virtue of this settlement agreement—been paid overtime at the rate of one and one half times the regularly hourly rate of pay; *footnote continued on next page . . . .*

PENSATION ACT), whether arising directly or indirectly from Charles' former employment with Greystar or otherwise, relating to any matter or thing which has occurred or has failed to occur as of the Effective Date of this *Agreement*, including but not limited to:

a. all Claims for wages, benefits, back pay, front pay, retirement or pension contributions, reinstatement or other equitable relief, damages, interest, retaliation, mental anguish, liquidated damages, intentional torts, defamation, punitive damages, attorneys' fees, costs, and litigation or other expenses, and any and all other claims resulting thereby;

b. all Claims related to the Litigation and the facts and circumstances involved in the Litigation;

c. any actions, inaction, representations, omissions, or commissions by the Released Parties before the Effective Date of this *Agreement*, and

d. any claim that this *Agreement* was induced by any fraudulent or negligent act or omission or results in or from any actual or constructive fraud, negligent misrepresentation, breach of fiduciary duty, breach of confidential relationship, or a breach of any other duty under law or in equity.

6. Except to the extent as may be specifically provided in this *Agreement*, the foregoing release is intended to be a general release of all claims, so, to the extent Charles may be deemed to still possess any viable claims or causes of action against the Released Parties, Charles hereby assigns to Defendant all claims he has of any kind against the Released Parties.

**7. In connection with Charles' release of his rights under the AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967:**

---

*footnote continued from previous page* . . . .
and (4) accordingly, after receipt of the Settlement Amount, Plaintiff is not owed any overtime pay under the FLSA.

**a. The release CHARLES is providing by this *Agreement* does not include a release of any claims arising after the date he signs this *Agreement*;**

**b. Charles expressly acknowledges and warrants he has been afforded the right to, and has in fact, consulted with, his own counsel of choice and may, but need not, take up to twenty-one (21) days in which to decide whether to enter into this *Agreement*.**

**c. Further, Charles may, within seven (7) days of the date he executes this *Agreement* withdraw his consent to the *Agreement*.**

8. Charles warrants that he is not relying on the judgment or advice of Defendant or its counsel concerning the tax consequences, if any, of this *Agreement*. Charles, and Charles' attorneys, and they alone, shall be responsible for all federal, state, and local tax liability, if any, which may attach to amounts payable or other consideration given under this *Agreement*, and will indemnify and hold the Released Parties harmless from, and will reimburse the Released Parties for, any and all such tax liability of whatever kind incurred by the Released Parties, including, but not limited to, taxes, levies, assessments, fines, interest, attorney's fees and costs arising directly or indirectly from the tax consequences, if any, which may attach to the Settlement Amount or other consideration given under this *Agreement*.

9. Concurrently with execution of this *Agreement*, the Parties will execute an agreed motion for, and proposed order of, dismissal of all claims and final judgment in the form attached hereto, with prejudice to refilling same, and with the Parties to bear their own costs of suit and attorney fees.

10. Charles represents the Litigation is the only lawsuit or administrative proceeding he has initiated against the Released Parties, and there are no pending complaints, administrative charges, grievances, or other non-litigation proceeding, he has filed, instituted, or caused to be instituted with or by any governmental agency against any Released Party. If any such complaint, charge, grievance or other non-litigation proceeding is pending, Charles agrees to take before execution of this *Agreement* such measures as are necessary and within his power to withdraw, dismiss, or otherwise terminate all such proceedings.

11. Charles agrees and acknowledges he is no longer an employee of Defendant and Charles agrees he will never seek or accept further employment with Defendant, or with any parent, subsidiary, affiliated or successor company. For purposes of this provision "employment" or "further employment" includes the provision of labor or services in any capacity, whether as an employee, contract employee, independent contractor, or otherwise.

12. This settlement is the compromise of doubtful and disputed claims, the liability for which, and the amount of damages for which, if any, are uncertain and speculative. This *Agreement* is being entered into solely for the purpose of avoiding the expense, annoyance, and uncertainty of continued litigation, and to buy peace. Nothing contained in this *Agreement* shall be construed as an admission of liability by or on behalf of any Party, all such liability being expressly denied.

13. The Parties further agree the terms of this *Agreement* will be kept strictly confidential. Disclosure by Charles shall be limited to:

   a. immediate family members;

   b. professional representatives, *e.g.*, attorneys, tax advisors, or accountants, with a need to know; and

*Settlement Agreement, Charles.doc*

5

c. to the Internal Revenue Service, other government agency if required by law, or as may be otherwise required by law.

14. In addition to the confidentiality required by the foregoing paragraph, Charles further agrees neither he nor any representative(s) acting:

a. at Charles' direction;

b. in active participation or concert with Charles; or

c. otherwise acting with his authority, shall in any manner:

(1) publish, discuss with any person, or otherwise disseminating to any person (including, without limitation, members of the print or broadcast media), other than his legal counsel, the allegations made by any Party in the Litigation; or

(2) commercially exploit his employment with Greystar, his disputes with any Released Party, or the allegations made against any Released Party including, without limitation, through participation in any book, movie, media event, interview, or any other publication, serving as an expert witness or consultant in any matter involving any Released Party, or otherwise; or

(3) make any disparaging comments about or concerning any Released Party. For purposes of this subparagraph, "disparaging" means

(a) a defamatory statement at common law;

(b) a false statement of fact; or

(c) a statement or remark which discredits or detracts from the reputation, business, or professional standing of any Released Party.

***Provided, however***, nothing in the foregoing paragraph shall be construed to apply to statements made during the course of actual future litiga-

tion, if any, between Charles and Greystar and in connection with the prosecution or defense of claims made therein.

15. Further, in the event Charles hereafter is served with a Court order, subpoena, or other legal process which calls for disclosure of any statement or information within the scope of this *Agreement*, Charles shall, at the earliest practical opportunity, provide Greystar with written notice thereof, served on John L. Ross, Thompson, Coe, Cousins & Irons, L.L.P., 700 North Pearl Street, Suite 2500, Dallas, Texas 75201.

16. Each signatory warrants and represents:

a. Such person has the authority to bind the Party for whom such person acts.

b. Before the execution of this *Agreement*, each Party has fully informed themselves concerning the terms, contents, provisions and effects of this *Agreement*, and all facts and conditions sufficient and necessary to the decision to execute this *Agreement*, they have read all of the terms of this *Agreement* and they agree to them.

c. Each Party has relied upon the advice and comment of its or their own attorneys and is entering into this *Agreement* of its or their free will and accord, without duress or other compulsion.

d. The claims, suits, rights, and/or interests which are the subject matter of this lawsuit are owned by the Party asserting same, have not been assigned, transferred or sold, and are free of encumbrance.

e. This *Agreement* sets forth the entire consideration for this *Agreement*, and all agreements and understandings between the Parties are embodied and expressed in this document. In this regard, the Parties expressly warrant no agent, servant, employee, attorney, representative, or any other person representing or claiming to represent any other Party has made any

representations, promises, or statements of any kind to them or their representatives to induce them to enter into this *Agreement*, other than those expressly contained in this *Agreement*, and reliance on any such representation, promise, or statement would be unintended and unjustified.

f. This *Agreement* embodies, merges, and integrates all prior and current agreements and understandings of the Parties, and may not be clarified, modified, changed, or amended except in writing signed by the person or entity against whom the clarification, modification, change, or amendment is being offered or enforced.

g. Each Party has substantial experience in negotiating contracts. This *Agreement* is the product of negotiations among the Parties, and, therefore, no Party to this *Agreement* shall be charged with having promulgated this *Agreement*.

17. Charles will indemnify and hold the Released Parties harmless from, and will reimburse the Released Parties for, any and all losses, damages, costs or expenses, including all attorneys' fees, resulting from any claim made by or through Charles concerning any claim released or assigned by this *Agreement*.

18. This *Agreement* is made and performable in Texas, and shall be governed by and construed in accordance with the laws of the State of Texas without regard or reference to choice or conflict of laws, except the normal rule of construction that ambiguities shall be construed against the drafter shall not be employed in the interpretation of this *Agreement*.

19. The consideration expressed in this *Agreement* is contractual and not a mere recital.

20. This *Agreement* may be executed in multiple counterparts, each of which shall be deemed an original for all purposes, and all of which together shall constitute one instrument.

21. The Parties agree this *Agreement* is not subject to revocation.

22. As used in this *Agreement*, "the date of this *Agreement*" means the date on which this *Agreement* has been fully executed by the signature of the last person whose signature is called for by the *Agreement*.



*Settlement Agreement, Charles.doc*  9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

| | | |
|---|---|---|
| NICHOLAS CHARLES, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CASE NO. 08-60553 |
| | § | ALTONAGA-BROWN |
| | § | |
| GREYSTAR MANAGEMENT SERVICES, L.P., | § | |
| | § | |
| DEFENDANT. | § | |

### AGREED MOTION TO DISMISS

Pursuant to *Fed. R. Civ. P.*, Rule 41(a)(2), Nicholas Charles ("Charles") and Greystar Management Services, L.P., ("Greystar" or "Defendant"), jointly move for dismissal of all Charles' claims against Defendant, with prejudice. Charles and Defendant have amicably resolved all disputes between them. Accordingly, Charles and Defendant, jointly and respectfully move the Court to dismiss Charles' claims with prejudice to re-filing same and with costs of suit and attorney fees taxed to the Party incurring same.

Respectfully Submitted,

_____
JAMES LOREN
Florida Bar No. 0055409
LOREN & MERCER, P.A.
320 South State Road 7, Suite # 300
Plantation, Florida 33317
Telephone: (954)585-4878

**ATTORNEYS FOR PLAINTIFF**

_[signature]_
JOHN L. ROSS
State Bar No. 17303020
Plaza of the Americas
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201-2832

Telephone: (214) 871-8200
Telecopy: (214) 871-8209

**ATTORNEYS FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

| | | |
|---|---|---|
| NICHOLAS CHARLES, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CASE NO. 08-60553 |
| | § | ALTONAGA-BROWN |
| | § | |
| GREYSTAR MANAGEMENT SERVICES, L.P., | § | |
| | § | |
| DEFENDANT. | § | |

### AGREED ORDER OF DISMISSAL AND FINAL JUDGMENT

This matter is before the Court on an *Agreed Motion to Dismiss* filed by Nicholas Charles ("Charles") and Greystar Management Services, L.P. ("Defendant"). Having considered the motion, the submissions of the parties, and the other papers on file in this case, the Court finds the motion should be, in all things, **GRANTED**.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that all claims by Charles against Defendant are, in all things, **DISMISSED WITH PREJUDICE TO REFILING SAME**, and with costs of suit and attorney fees taxed against the Party incurring same.

**IT IS, FURTHER, ORDERED, ADJUDGED AND DECREED** that plaintiff take nothing by this suit and that Defendant is hereby, in all things, discharged.

**SO ORDERED** this ____ day of _____, 2008.

_____
**UNITED STATES DISTRICT JUDGE**

SEEN AND AGREED:

_____
**JAMES LOREN**
**ATTORNEY FOR NICHOLAS CHARLES**

_____
**JOHN L. ROSS**
**ATTORNEY FOR GREYSTAR MANAGEMENT SERVICES, L.P.**

**IN WITNESS WHEREFORE**, the undersigned have executed this *Agreement* on the dates indicated:

**AGREED:**

_____
NICHOLAS CHARLES

**STATE OF FLORIDA**            )

**COUNTY OF** Broward           )

Subscribed and sworn to before me, a notary public, by Nicholas Charles this 30th day of May, 2008.

_____
NOTARY PUBLIC

[SEAL]            MY COMMISSION EXPIRES: _____

ELIZABETH TAPANES
Comm# DD0348177
Expires 8/18/2008
Bonded thru (800)432-4254
Florida Notary Assn., Inc.

*Settlement Agreement, Charles.doc*                                                14

**IN WITNESS WHEREFORE**, the undersigned have executed this *Agreement* on the dates indicated:

**AGREED:**

*/s/ Andy Bell*
AS AUTHORIZED AGENT FOR
GREYSTAR MANAGEMENT SERVICES, L.P.

**STATE OF TEXAS** )

**COUNTY OF HARRIS** )

Subscribed and sworn to before me, a notary public, by Anthony Wheeler, as authorized agent for Greystar Management Services, L.P., this 4th day of June, 2008.

*/s/ Connie Backus*
NOTARY PUBLIC

[SEAL: Connie Backus, My Commission Expires 07/16/2011]

MY COMMISSION EXPIRES: 7/16/2011

*Settlement Agreement, Charles.doc*                                                                                  15